SAWYER *et al.* v. HERRINGTON.

GILBERT, J. Under the pleadings and the evidence the court did not err in granting an interlocutory injunction and in appointing a receiver to take charge of and preserve the estate until further order of the court.

*Judgment affirmed. All the Justices concur.*

No. 3692. NOVEMBER 17, 1923.

Injunction. Before Judge Crum. Dooly superior court. February 17, 1923.

The petition filed by Mrs. Birdie Odelle Herrington against A. P. Sawyer and Mrs. J. T. Sawyer alleged that by order of the superior court of Fulton County, dated March 9, 1908, she became the legally adopted child of J. T. Sawyer; that she immediately entered upon the discharge of domestic duties in his home, and continued the same to the time of her marriage; that J. T. Sawyer died intestate on December 22, 1922, leaving as his heirs Mrs. J. T. Sawyer and the petitioner; that his estate consisted of 100 acres of land, approximately $1850 cash on hand and in bank, live stock and other personal property; that A. P. Sawyer, a brother of J. T. Sawyer, had, without consulting any one and without recognizing any rights or interest of petitioner in the matter, procured the appointment of himself as temporary administrator upon the estate of J. T. Sawyer, and had taken charge of and was handling the estate as his own without regard to any rights of petitioner; that Mrs. J. T. Sawyer had for some time been practically an invalid; that notwithstanding a request made by her shortly after her husband's death that petitioner come and live at her home and care for her and an effort by petitioner to comply with this request, A. P. Sawyer had assumed and was exercising a dominating influence over her; that she is completely within his control, fearing him and unable to resist him; that he has removed her to his home and refused to permit petitioner and others to discuss with her matters pertaining to the estate; that he is proceeding in an effort to procure permanent letters of administration; that A. P. Sawyer has charged that petitioner had not been adopted by J. T. Sawyer and was not entitled as an heir to inherit; that A. P. Sawyer has no legal interest in the estate, but petitioner believes and charges that he is indebted to the estate for borrowed moneys; that A. P. Sawyer has manifested such an interest in said estate as does not comport with an impartial administration, and has made such statements as "If anybody tried to get possession of that farm it would be over his dead body," and "if he [petitioner's husband] came up there again he would take a scantling to him;" that A. P. Sawyer, having learned that petitioner might in a court of equity set up her rights, had, after the granting of the rule nisi, restraining order, and appointment of temporary receiver in this case, in the scheme to defeat the rights of petitioner, procured the setting aside as year's support to Mrs. J. T. Sawyer of all the per-

sonal property belonging to the estate, including $750 in cash, 4 mules, one cow, 175 bushels of corn, farming implements, Ford automobile, and rent of the farm for 1923, etc.; that the same is excessive and out of all reason, and is a part of the fraudulent purpose of A. P. Sawyer, who is dominating and controlling Mrs. J. T. Sawyer, to defeat petitioner's rights; that petitioner recently, upon procuring from the clerk of Fulton superior court certified copies of the petition for adoption and order granting the same, discovered for the first time that the same recited, as the name of the child to be adopted, "Brooke Hawkins" (who was petitioner's sister); that the erroneous statement of the name was due to a mistake on the part of the scrivener, as the petitioner was the child actually adopted; that it is necessary that she have the aid of a court of equity in correcting this error; and that unless a court of equity take charge of the administration of said estate there will be a multiplicity of litigation, resulting in increased cost of administration.

The prayers were, that the rights of petitioner as a legal heir of J. T. Sawyer be set up and established in equity; that the estate be decreed to be the property of Mrs. J. T. Sawyer and herself; that petitioner be decreed specific performance of the contract of adoption; that A. P. Sawyer be enjoined from possessing, controlling, or interfering with said estate, and from proceeding further in the effort to obtain permanent letters of administration; that a receiver be appointed to take charge of and administer the estate; and for general relief and process.

The answer filed jointly by the defendants denied all the material allegations of the petition, except that it stated that defendants had always been under the impression that "the said J. T. Sawyer, deceased, did legally adopt the said petitioner." Upon interlocutory hearing the court passed an order enjoining the defendants from interfering with or changing the status of the estate; and from pressing the year's support proceedings instituted by Mrs. J. T. Sawyer; and continuing the temporary receiver already appointed. The order also provided for the care of the widow, Mrs. J. T. Sawyer. Error is assigned upon this judgment.

*E. B. Dykes* and *Watts Powell,* for plaintiffs in error.

*Whipple & McKenzie,* contra.